

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2010

# Mei Bin Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Mei Bin Chen v. Atty Gen USA" (2010). *2010 Decisions.* Paper 1880.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1880

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3961
_____

MEI BIN CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A094-794-618)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed   February 17, 2010  )
_____

OPINION
_____

PER CURIAM

Mei Bin Chen petitions for review of a decision rendered by the Board of

Immigration Appeals ("BIA") on August 25, 2008.  For the reasons that follow, we will

dismiss in part and deny in part the petition for review.

## I. Background

Because we write solely for the benefit of the parties, we will set forth only those facts necessary for analysis. Chen is a native and citizen of China. She entered the United States illegally on June 13, 2006, and was served with a notice to appear two days later. Chen conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming that she suffered past persecution and fears future persecution and torture in China because she is Catholic. Specifically, Chen claimed that she joined an unregistered Catholic church after her mother died in 2000. In May 2006, when returning from a trip to purchase Bibles for her church, Chinese authorities arrested her. Chen claimed she was detained for three days, during which time the authorities cut her hand with a razor, pulled her hair, and denied her water. She fled China shortly thereafter.

After a hearing on June 11, 2007, the Immigration Judge ("IJ") concluded that Chen was not a credible witness. The IJ also held that, even if Chen had been credible, she failed to meet her burden of proof. The IJ denied relief and ordered Chen's removal.

Chen appealed to the BIA, arguing that the IJ abused her discretion in reaching the adverse credibility determination. See A.R. 6 ("The only issue presented in this appeal is whether Hon. Immigration Judge Reichenberg seriously abused her discretion in finding the respondent not credible despite the substantial and overwhelming evidence that dictates otherwise."). On August 25, 2008, the BIA rendered a short opinion dismissing

2

Chen's appeal. The BIA concluded that Chen failed to show that the factual findings underlying the IJ's adverse credibility determination were clearly erroneous. Accepting the IJ's findings of fact, the BIA adopted and affirmed the IJ's decision "to the extent it [was] challenged on appeal."

This timely counseled petition for review followed.

## II. Analysis

We generally review only final orders of the BIA. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001). However, where the BIA adopts the IJ's reasoning and discusses some of the bases of the IJ's decision, we also review the IJ's order. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review legal conclusions de novo, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), and uphold factual determinations if they are supported "by reasonable, substantial and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). Ultimately, for Chen to succeed on her petition for review, this Court "must find that the evidence not only supports that conclusion [that the application should have been granted], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

## A.

We review adverse credibility determinations for substantial evidence. Chen, 376 F.3d at 221-22. We will affirm if the determination is supported by "reasonable,

substantial, and probative evidence on the record considered as a whole." Gao v.

Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  To reverse, the evidence of Chen's

credibility must be so strong "that in a civil trial [s]he would be entitled to judgment on

the credibility issue as a matter of law."  Chen, 376 F.3d at 222.

We have closely reviewed the adverse credibility determination made by the IJ and

affirmed by the BIA and conclude that it rests upon substantial evidence.  The IJ

specifically noted a number of serious inconsistencies and implausibilities, including,

inter alia:

(1)    Chen testified several times that she joined the unregistered Catholic church
       after her mother died.  See, e.g., A.R. 153.  Initially, she provided a
       statement in support of her application stating that her mother died on July
       16, 2000.  A.R. 413.  This matched a statement from her priest showing that
       Chen joined her church on July 16, 2000.  A.R 366.  However, before her
       hearing, Chen made a handwritten correction to her statement to change the
       date of her mother's death to September 2000.  A.R. 413  Id.; see also 111.
       This matched a death certificate showing that Chen's mother died on
       September 7, 2000.  A.R. 344; A.R. 175 ("Yes, my mother passed away
       September 7th.").  The IJ observed that, with the change, the chronology
       was no longer consistent; if Chen joined the church in July 2000, then,
       contrary to her testimony, she joined several months before her mother died.
       See A.R. 172 ("Q. When did you begin attending his services? A. When? I
       think July 16th. Q. Of what year? A. 2000. Q. That would be before your
       mother died then, right, ma'am? A. After her passed away.").

(2)    Chen testified that she fled China on May 20, 2006, five days after her
       release from prison.  A.R. 167.  However, she did not adequately explain
       how she was able to raise the money for her trip, arrange a smuggler, obtain
       a passport, and make other necessary arrangements in such a short period of
       time.  In addition, Chen's testimony was not consistent with her prior
       statement made during her airport interview, in which she stated that she

4

left China on June 5, 2006.[1]  A.R. 252.

(3)     Chen's asylum application did not include her claim that she was cut with a razor while detained by Chinese police, even though that was the most serious act of mistreatment she claimed to have suffered while in detention. See A.R. 413.

(4)     Chen testified that her brother had mailed her copies of two summonses issued by the Chinese police for her arrest.  Although they had been mailed separately, she claimed both had been lost.  See A.R. 164, 398.  However, many other documents mailed by her brother and her other relatives arrived successfully.

Chen contends these are "minor [in]consistencies" that cannot support the IJ's findings.  We disagree.  These are specific and cogent reasons for concluding that Chen lacked credibility, and many go to the "heart" of her claims.[2]  See Berishaj v. Ashcroft,

---

[1]Chen argues that the IJ gave undue weight to Chen's airport statement.  However, the inconsistencies between Chen's airport statement and testimony did not provide the sole basis for the adverse credibility determination.  Cf., Balasubramanrin v. INS, 143 F.3d 157, 164 (3d Cir. 1998) (holding that inconsistencies between hearing testimony and an airport statement are not sufficient, standing alone, to support an adverse credibility determination).  Chen also argues that the IJ failed to establish that the statement was reliable because "the IJ failed to ascertain whether the petitioner adequately understood the questions put to [h]er at the border."  Petitioner's Brief at 11.  As a factual matter, this lacks merit.  The record reflects that Chen was provided a telephone interpreter during the airport interview.  A.R. 140.

[2]Prior to May 2005, an adverse credibility determination could only be based upon inconsistencies that went to the "heart" of the individual's claim.  See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).  The REAL ID Act, which applies to Chen, modifies that standard by providing that "credibility determinations may be made 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.'"  INA § 208(b)(1)(B)(iii) [8 U.S.C. § 1158(b)(1)(B)(iii)].  This Court has not yet addressed the new provision.  However, the change is irrelevant here because the credibility problems are sufficiently consequential to meet the pre-REAL ID Act standard.

5

378 F.3d 314, 323 (3d Cir. 2004). Accordingly, we will deny the petition for review to the extent it challenges the adverse credibility determination.

B.

Moreover, even without regard to the adverse credibility determination, there is no basis to grant Chen's petition for review. Chen failed to appeal the IJ's alternative grounds for denying relief: that Chen failed to meet her burden of proof.[3] This unchallenged aspect of the IJ's decision is fatal to Chen's claim.

In her brief to the BIA, Chen expressly limited her challenge only to the IJ's adverse credibility finding. A.R. 6 ("The only issue presented in this appeal is whether Hon. Immigration Judge Reichenberg seriously abused her discretion in finding the respondent not credible despite the substantial and overwhelming evidence that dictates otherwise."). To the extent Chen attempts to claim in her petition for review that she satisfied her burden of proof, we will dismiss this unexhausted claim for lack of jurisdiction. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

---

[3]To be granted asylum, Chen was required to show that she is "unable or unwilling to return to [China] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]; INA § 208 [8 U.S.C. § 1158]. For withholding of removal, Chen had to demonstrate that her life would more likely than not be threatened in China based on one of these protected grounds. INA § 241 (b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)]. Finally, for relief under the CAT, Chen had to show that she would more likely than not be tortured if removed to China. 8 C.F.R. § 208.16(c)(2).

Chen attempts to excuse her failure to exhaust administrative remedies by proposing that she was not required to raise every claim in her appeal to the BIA. "Issue exhaustion," she contends, is not a jurisdictional prerequisite.[4] However, we have expressly held that "an alien is required to raise and exhaust his or her remedies as to <u>each claim or ground for relief</u> if he or she is to preserve the right of judicial review of that claim." <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 594-95 (3d Cir. 2003) (emphasis added). Chen failed to exhaust her administrative remedies as to the claim that she satisfied her burden of proof to qualify for relief. Accordingly, the issue is not properly before us and we will dismiss it for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, we will dismiss the petition for review to the extent we lack jurisdiction over Chen's claims. We will deny the petition for review in all other respects.

---

[4]In support, Chen relies upon <u>Sims v. Apfel</u>, 530 U.S. 103 (2000), a Supreme Court decision concerning administrative exhaustion requirements in Social Security proceedings. The <u>Sims</u> court recognized that, where issue exhaustion is not statutorily required, such a requirement may be judicially imposed if the administrative proceedings in question are analogous to traditional adversarial litigation. <u>Id.</u> at 2084. Contrary to Chen's argument, immigration proceedings are analogous to adversarial litigation and, accordingly, issue exhaustion is appropriate under <u>Sims</u>. Chen also cites a decision by the Court of Appeals for the Fifth Circuit, <u>Haitian Refugee Center v. Simth</u>, 76 F.2d 1023, 1034 (5th Cir. 1982), to argue that issue exhaustion is a matter of discretion and may be waived. However, Chen provides nothing to support her request for the exercise of such discretion.